UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Cr. No. 16-10165-MLW |
| | ) |
| JOSE RAMOS RIVERA, | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

WOLF, D.J.                                        March 8, 2018

On March 7, 2018, the court noted that First Circuit Pattern Jury Instruction 4.26.5681(d) concerning Possession of an Unregistered Firearm, in violation of 26 U.S.C. §5861(d), indicates that the jury should be instructed that the government must prove both that the defendant knew that (1) the firearm at issue in Count 2 was a weapon made from a shotgun that had been modified to have a barrel less than 18 inches in length, see 26 U.S.C. §5845(a)(2) and (d), and (2) that the weapon was "operable."[1] The court questioned whether knowledge that the weapon was operable is an element of the offense and noted that

---

[1] First Circuit Pattern Instruction 4.36.5861(d) states in pertinent part that:

> For you to find [defendant] guilty of this crime, the government must prove...beyond a reasonable doubt...Third, that [defendant] knew that the firearm had these characteristics: [e.g., that it was an operable shotgun (or could be restored to be operable) with either a barrel length less than 18 inches or an overall length less than 26 inches]...

1

the Pattern Instruction cites no authority for the proposition that it is.

The court provided the parties an opportunity to brief this issue. The government filed a Memorandum arguing that proof of knowledge of operability is not required. See Docket No. 346. The defendant, who previously agreed with the government's proposed instruction which would not require proof of knowledge of operability, did not submit a memorandum.

The court finds that the government is not required to prove that the defendant knew that the weapon was operable. In Staples v. United States, 511 U.S. 600, 603-04, 619-20 (1994), the Supreme Court held that the government must prove the defendant knew the "characteristics" of the firearm that made it one that was required to be registered. In this case, the firearm at issue was required to be registered because it is a weapon made from a shotgun that was modified to have a barrel of less than 18 inches in length. See 26 U.S.C. §5845(a). Such weapons are commonly called "sawed-off shotguns."

In United States v. Shaw, 670 F.3d 360, 363 (1st Cir. 2012), the First Circuit applied the Staples scienter requirement in a case involving a sawed-off shotgun. It noted that:

> Several courts have read Staples to require proof that a defendant knew that an unregistered sawed-off weapon or its barrel was shorter than the statutorily prescribed length. See United States v. Michel, 446 F.3d 1122, 1129-30 (10th Cir.2006); United States v.

2

Miller, 255 F.3d 1282, 1286-87 (11th Cir.2001); United States v. Gergen, 172 F.3d 719, 723-24 (9th Cir.1999); United States v. Reyna, 130 F.3d 104, 108-09, n. 3 (5th Cir.1997); United States v. Edwards, 90 F.3d 199, 205 (7th Cir.1996); United States v. Starkes, 32 F.3d 100, 101 (4th Cir.1994)(per curiam).

Id., n.1. The First Circuit also applied the Staples knowledge of the "characteristics" test by analyzing whether the evidence was sufficient to prove that the defendant knew that the barrel of the sawed-off shotgun he possessed was less than 18 inches in length. Id. at 364. It did not analyze, or even discuss, whether he knew the weapon was operable.

The Pattern Jury Instructions of the Third, Fifth, and Tenth Circuits each require that the government prove that the defendant "knew the characteristics of the firearm (that is, that it was...e.g., a shotgun having a barrel of less than 18 inches in length)." 3rd Cir. Pattern Instruction 6.26.5861; 5th Cir. Pattern Jury Instruction 2.94; 10th Cir. Pattern Jury Instruction 2.91. These Pattern Instructions do not state that the proof of knowledge of operability is required. See id. The court has found no case that holds that proof of knowledge of operability is required. It expects that the First Circuit would not do so if it had to decide the issue.

In view of the foregoing, the court does not intend to instruct that the government must prove the defendant knew the sawed-off shotgun was operable to achieve his conviction on Count

3

2. The instructions it intends to give on Count 2 are attached hereto as Exhibit 1. The court will discuss them with the parties before their closing arguments.

                                                     /s/ Charles F. Way
                                                     UNITED STATES DISTRICT JUDGE